# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMERITECH CORPORATION,

        **Plaintiff,**

vs.

        Case No. 99-C-675

E. MICHAEL MCCANN,

        **Defendant.**

## DECISION AND ORDER

This declaratory judgment action filed by plaintiff Ameritech Corporation ("Ameritech") against defendant E. Michael McCann ("McCann"), the District Attorney of Milwaukee County, should now conclude following a second appeal and the Seventh Circuit Court of Appeals' remand and direction to enter judgment consistent with "all the points in this opinion."[1] The dispute requires no detailed outline. It is sufficient for purposes of this opinion to recount that it centers on state court orders directing Ameritech, a telephone service company, to compile reports of origin of calls terminated; that is, calls received at a given number. Ameritech wants to be compensated for creating these reports, referred to as "automated message

---

[1] *Ameritech Corp. v. McCann*, 403 F.3d 908, 915 (7th Cir. 2005), vacated this Court's decision in *Ameritech v. McCann*, 308 F. Supp. 2d 911 (E.D. Wis. 2004), and directed that this Court issue declaratory judgment in accordance with that direction.

accounting" ("AMA") reports pursuant to 18 U.S.C. § 2706, part of the Electronic Communications Privacy Act of 1986 ("the Act").

The issuance of the mandate on May 18, 2005, restores jurisdiction over the action to this Court and this Court, now, issues a declaratory judgment in conformity with the appellate court's directive.

For ease of reference, the text of 18 U.S.C. § 2706 is set forth:

(a) Payment.– Except as otherwise provided in subsection (c), a governmental entity obtaining the contents of communications, records, or other information under section 2702, 2703, or 2704 of this title shall pay to the person or entity assembling or providing such information a fee for reimbursement for such costs as are reasonably necessary and which have been directly incurred in searching for, assembling, reproducing, or otherwise providing such information. Such reimbursable costs shall include any costs due to necessary disruption of normal operations of any electronic communication service or remote computing service in which such information may be stored.

(b) Amount.– The amount of the fee provided by subsection (a) shall be as mutually agreed by the governmental entity and the person or entity providing the information, or, in the absence of agreement, shall be as determined by the court which issued the order for production of such information (or the court before which a criminal prosecution relating to such information would be brought, if no court order was issued for production of the information).

(c) Exception.– The requirement of subsection (a) of this section does not apply with respect to records or other information maintained by a communications common carrier that relate to telephone toll records and telephone listings obtained under section 2703 of this title. The court may, however, order a payment as described in subsection (a) if the court determines the information required is unusually voluminous in nature or otherwise caused an undue burden on the provider.

In accordance with the remand order, the Court hereby declares that because Ameritech does not "maintain" terminating AMA reports, the exemption of 18 U.S.C. § 2706(c) is inapplicable to those reports. *Ameritech Corp*, 403 F.3d at 912. Although the Electronic Communications Privacy Act does not define the term "governmental entity," the Act uses the phrase in several sections in ways that make application to state and local governmental entities "unmistakable." *Id.* at 912-13. Furthermore, there is no preemption issue because no Wisconsin law excuses or forbids compensation to telephone companies that disclose information. *Id.* at 913.

Section 2706(a) provides that compensation is payable when "a governmental entity obtain[s] the contents of communications, records, or other information under section 2702, 2703, or 2704 of this title." Section 2703 specifies how information is obtained from telephone companies, and a subpoena authorized by state statute is one of those means. When McCann[2] invokes Wis. Stat. § 968.135 or any equivalent route to compel Ameritech to produce a terminating AMA report, he has obtained information "under" § 2703. *Id*.

Regulation of the telephone network, which reaches worldwide, through the Electronic Communications Privacy Act is securely in the scope of Congress's power under the Commerce Clause. *Id*. at 914. Furthermore, § 2706 does not unduly impinge on state sovereignty by opening the state courts to private suits. McCann (the State), is not a private party and is the plaintiff in state court. *Id*. Thus, when McCann petitions the state court for an order compelling

---

[2]The appellate court noted that McCann is the sole defendant, but he is represented by the Attorney General of Wisconsin and McCann's position is that of the State as an entity rather than an" idiosyncratic view from Milwaukee." *Ameritech Corp.,* 403 F.3d at 912.

Ameritech to prepare a terminating AMA report, Ameritech is entitled to insist that the state court attach a price tag under § 2706. *Id*.

Given Wisconsin's longstanding non-compliance with 18 U.S.C. § 2706, McCann, in every future request made pursuant to Wis. Stat. § 968.135, which asks Ameritech to provide a terminating AMA report, must tender compensation as a part of any request, and must agree to litigate the amount of compensation in state court if Ameritech deems the tender inadequate. *Id*. at 915. Unless such an offer is made and included in the state court's order, Ameritech need not provide the requested information. *Id*.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY DECLARED AND ORDERED THAT:**

Ameritech's action for declaratory judgment is **GRANTED** as follows:

The exemption of 18 U.S.C. § 2706(c), does not apply to a terminating automated message accounting ("AMA") report because Ameritech does not maintain AMA reports.

The term "governmental entity" in the Electronic Communications Privacy Act includes state and local governmental entities.

There is no preemption issue because no Wisconsin law excuses or forbids compensation to telephone companies that disclose information.

When McCann invokes Wis. Stat. § 968.135 to compel Ameritech to produce a terminating AMA report, he has obtained information "under" § 2703.

Regulation of the telephone network, which reaches worldwide, through the Electronic Communications Privacy Act is securely in the scope of Congress's power under the Commerce Clause.

Section 2706 does not unduly impinge on state sovereignty by opening the state courts to private suits, McCann (the State), not a private party, is the plaintiff in state court.

When McCann petitions the state court for an order compelling Ameritech to prepare a terminating AMA report, Ameritech is entitled to insist that the state court order contain a compensation amount as directed under § 2706.

In the future, McCann **SHALL** tender compensation as a part of every request under Wis. Stat. § 968.135 that Ameritech provide a terminating AMA report, and **SHALL** agree to litigate the amount of compensation in state court if Ameritech deems the tender inadequate.

Unless such an offer is made by McCann and included in the state court's order, Ameritech need not provide the requested information.

Accordingly, McCann's Motion for Summary Judgment is **DENIED** and Ameritech's Motion for Summary Judgment is **GRANTED**;

This action is **DISMISSED**.

The Clerk of Court **SHALL** enter judgment setting forth the foregoing declaratory judgment.

    Dated at Milwaukee, Wisconsin this 13th day of June, 2005.

    **BY THE COURT**

    **s/ Rudolph T. Randa**

    **Hon. Rudolph T. Randa**
    **Chief Judge**

-5-
Case 2:99-cv-00675-RTR   Filed 06/13/05   Page 5 of 5   Document 173